United States District Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CYNTHIA VASQUEZ, § <br> Reg. No. 46340-380, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> WARDEN TONYA HAWKINS, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-22-3281 |

## MEMORANDUM OPINION AND ORDER

While in custody of the United States Bureau of Prisons at the Federal Prison Camp in Bryan, Texas ("FPC-Bryan"), Cynthia Vasquez filed a Motion for Writ of Habeas Corpus By a Person in Federal Custody, Pursuant to 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging the calculation of time credits on her sentence. The respondent, Warden Tonya Hawkins, has filed a Motion for Summary Judgment and Response ("Respondent's MSJ") (Docket Entry No. 10), arguing that the Petition must be dismissed because Vasquez failed to exhaust available administrative remedies before filing suit. Vasquez has not filed a response and her time to do so has expired. This action will be dismissed without prejudice for the reasons explained below.

I.  **Background**

Vasquez was convicted of one count of conspiracy to possess with intent to distribute more than five grams of methamphetamine.[1] In 2016 Vasquez was sentenced to serve a 94-month term of imprisonment, followed by a five-year term of supervised release.[2] Vasquez does not challenge the validity of her conviction or sentence here.

In her pending Petition for relief under 28 U.S.C. § 2241, which the court received on September 23, 2022, Vasquez argues that she has earned 5,913 days of "earned time credit" for participating in several programs and activities while incarcerated.[3] As a result, Vasquez contends that she is entitled to "2956.5 days or 98.5 months or 8.25 years off [her] sentence first, community corrections second and/or supervised release last" under the First Step Act of 2018 and 18 U.S.C. § 3632(d)(4)(C).[4] She asks this court to reduce her sentence of imprisonment by 138 days and apply the rest of the time credits to her term of supervised release.[5]

---

[1] See Petition, Docket Entry No. 1, p. 3; Respondent's MSJ, Docket Entry No. 10, pp. 1-2 (referencing United States v. Vasquez, No. 2:14-CR-1741 (W.D. Tex.)). For purposes of identification, all page numbers refer to the pagination imprinted by the courts Electronic Case Filing ("ECF") system.

[2] See Petition, Docket Entry No. 1, p. 3.

[3] See id. at 8.

[4] Id. at 8, 16.

[5] Id. at 19.

The respondent has moved for summary judgment, arguing that the Petition must be dismissed because Vasquez failed to exhaust available administrative remedies before pursuing relief in federal court.[6] The court directed Vasquez to respond within 30 days to any motion filed by the respondent.[7] The court warned Vasquez that her failure to respond within the time allowed could result in dismissal for want of prosecution under Fed. R. Civ. P. 41(b).[8] She has not filed a response as directed within the time allowed.

## II. Discussion

### A. Want of Prosecution

The respondent notes that Vasquez was released from FPC-Bryan to a half-way house sometime after her Petition was filed.[9] The certificate of service reflects that a copy of Respondent's MSJ was sent to Vasquez at the half-way house facility where she was assigned.[10] Vasquez has not filed a response to the Respondent's

---

[6]See Respondent's MSJ, Docket Entry No. 10, pp. 6-13. The respondent argues in the alternative that Vasquez's claims are unsupported and without merit. See Respondent's MSJ, Docket Entry No. 10, pp. 14-24. Because Vasquez clearly failed to exhaust administrative remedies before filing this action and has not filed a response to the Respondent's MSJ, the court does not address the respondent's alternative arguments.

[7]See Order to Answer, Docket Entry No. 5, p. 2 ¶ 5.

[8]See id.

[9]See Respondent's MSJ, Docket Entry No. 10, p. 2.

[10]See id. at 26.

MSJ as directed by the court.[11] Her failure to comply with court orders by providing a response to the Respondent's MSJ indicates that she lacks due diligence and is grounds for dismissal. See Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may dismiss an action sua sponte for failure to prosecute or to comply with any court order); Comeaux v. Cockrell, 72 F. App'x 54, 56 (5th Cir. July 15, 2003) (per curiam) (finding no abuse of discretion in dismissing a prisoner's suit for failure to comply with court orders).

In addition, prison records confirm that Vasquez was released from custody on January 31, 2023. See Bureau of Prisons Inmate Locator, available at: https://www.bop.gov/inmateloc/ (last visited Feb. 14, 2023). To date, Vasquez has not complied with Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division, which states that a pro se litigant is responsible for keeping the Clerk advised in writing of her current address. Vasquez was advised of this requirement in the Order to Answer entered on October 21, 2022.[12] The Fifth Circuit has observed that a pro se litigant's failure to notify a district court of an address change may be considered "cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) (noting that the plaintiff failed to comply with

---

[11]See Order to Answer, Docket Entry No. 5, p. 2 ¶ 5.

[12]See id. at 3 ¶ 7.

a local rule requiring written notice of change of address). Because Vasquez has failed to comply with court orders or provide a current address in compliance with local rules, her Petition is subject to dismissal for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**B.  Failure to Exhaust Administrative Remedies**

In addition, the respondent has presented evidence showing that Vasquez did not complete every step of the BOP's administrative remedy process as required before filing this suit.[13] A federal prisoner seeking relief under 28 U.S.C. § 2241 "must first exhaust [her] administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted)).

The Bureau of Prisons has a four-step administrative remedy process, including: "(1) informal resolution of the issue with prison staff, submitted on form BP-8; (2) a formal administrative remedy request to the Warden, submitted on form BP-9; (3) an appeal to the Regional Director, submitted on form BP-10; and (4) a national appeal to the Office of General Counsel in Washington, D.C., submitted on form BP-11." Butts v. Martin, 877 F.3d 571, 582 (5th Cir. 2017) (citing 28 C.F.R. §§ 542.13-15). Exceptions to the

---

[13]See Declaration of Alice Diaz-Hernandez, Exhibit A to Respondent's MSJ, Docket Entry No. 10, pp. 29-30 ¶ 8.

exhaustion requirement apply only where the petitioner demonstrates that "'the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (quotation omitted).

Vasquez acknowledges that she did not exhaust her administrative remedies before seeking relief in federal court, arguing that it would be futile because "FPC Bryan has a long history of 'slow walking' remedies" and, according to her calculation, she has already fulfilled her sentence.[14] Vasquez does not show that the remedy process was unavailable before she filed her Petition or that it would have been patently futile to try. The respondent notes that exhaustion of the administrative process is particularly important in this case, highlighting several fact questions about whether Vasquez was entitled to the earned time credits referenced in her pleadings or whether all of those credits would apply to her sentence.[15]

The Fifth Circuit has upheld the dismissal of a federal prisoner's habeas petition under § 2241 for failure to exhaust

---

[14] See Petition, Docket Entry No. 1, p. 5.

[15] See Respondent's MSJ, Docket Entry No. 10, p. 13. The respondent argues that exhaustion would be beneficial because Vasquez's calculations are unsupported by evidence about the programs and activities she reportedly completed and are "inherently flawed." See id. at 19-20, 22.

administrative remedies related to an earned time-credit dispute. See Davis v. McConnell, No. 21-30091, 2021 WL 4467620, at *1-2 (5th Cir. 2021) (per curiam, unpublished) (rejecting the petitioner's arguments that exhaustion would be futile because he did not make a "'strong showing'" that the process was inadequate or that irreparable harm would result from requiring exhaustion); see also Gutierrez v. Hijar, No. EP-22-CV-446-FM, 2023 WL 311913, at *2-3 (W.D. Tex. Jan. 18, 2023) (concluding that dismissal was warranted for failure to exhaust where the petitioner presented no evidence showing that remedies were unavailable or inappropriate to the relief sought). Vasquez, who has failed to respond to the Respondent's MSJ, has not met her burden to show that exhaustion should be excused. Where administrative remedies have not been exhausted as required, a habeas petition is properly dismissed. See Rourke, 11 F.3d at 49 (dismissing a habeas petition from a federal prisoner as unexhausted and therefore frivolous, referencing 28 U.S.C. § 1915(d), now codified at 28 U.S.C. § 1915(e)(2)(B)(i)). Because the respondent is entitled to summary judgment on this issue, the Petition will be dismissed for this additional reason.

### III. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. The Motion for Writ of Habeas Corpus By a Person in Federal Custody, Pursuant to 28 U.S.C. § 2241 filed by Cynthia Vasquez (Docket Entry No. 1) is

      **DISMISSED without prejudice** for want of prosecution.

2. Alternatively, the respondent's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**, and the Petition is **DISMISSED without prejudice** for lack of exhaustion.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 16th day of February, 2023.

                                          SIM LAKE
                          SENIOR UNITED STATES DISTRICT JUDGE